TRACY S. CLARKE, Respondent, *v.* JOHN RANNIE, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

Crops sown during a lease, which cannot mature until after the term, may not then be gathered by the lessee.

Evidence that one acting as the lessor's agent to receive the avails of a portion of the crops due from the tenant under the lease, had permitted the lessee to sow the crop, will not support the lessee's claim to reap after the term.

Nor will the lessee's testimony that he had informed the lessor, upon inquiry at the time of sowing, what and where he intended to sow, support a verdict against the lessor for the crop on his refusal to allow the lessee to gather it after the term, and especially if contradicted by other testimony.

THIS was an appeal by the defendant from a judgment entered on a verdict for the plaintiff, and from an order denying a new trial. The facts are stated in the opinion.

*J. Peddie,* for the appellant.

*E. G. Lapham,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. On the 2d March, 1864, A. P. Crandall leased to the plaintiff his farm in the town of Palmyra, in the county of Wayne, for a term of three years from the first day of April, of the same year, and longer if the parties could agree.

By the lease the lessee was to have one-half of the avails of the crops.

The plaintiff went into possession under said lease in April, 1864, and remained in possession until the last of March, 1867.

The lessor, in December, 1864, sold and conveyed the said farm to the defendant, subject to the lease to the plaintiff.

The defendant did not reside in the vicinity of the farm, and he appointed Crandall, after he, defendant, bought the farm, to receive his, defendant's, share of the avails of the

Clarke v. Rannie.

crops, Crandall continued thus to act for defendant until in the spring of 1866, when defendant appointed one Sherman as his agent, to receive his share of the avails of the crops.

In the fall of 1866, the plaintiff sowed forty acres of wheat on said farm, which he claimed the right to harvest in the summer of 1867, but which the defendant forbade him to do, but did himself harvest it and appropriate to his own use.

For this conversion this action is brought.

On the trial the court ruled as matter of law, that the plaintiff had no right to the wheat under his lease, as his tenancy terminated in April preceding the harvesting of it, and his right to the wheat terminated with the term created by the lease.

Evidence was given on the part of the plaintiff, which plaintiff insisted tended to prove that defendant consented that he might sow the wheat, and having consented, and plaintiff having sowed it in pursuance of such consent, he was entitled in law to harvest it and to appropriate to his own use one-half of its avails.

Evidence was given on the part of the defence, which it was insisted tended to prove that he gave no consent to the sowing of the wheat, and hence it was sown by plaintiff in his own wrong.

The court submitted to the jury the question, whether, upon the evidence, there was a parol agreement between the parties that plaintiff might sow the forty acres with wheat, and he charged them that if there was such an agreement plaintiff was entitled to recover, otherwise not. The court further charged the jury that the plaintiff was entitled to one-half the straw. To this part of the charge the defendant's counsel excepted.

The jury found a verdict in favor of the plaintiff for $962.62.

The defendant moved for a new trial, which motion was denied.

Judgment was entered on the verdict, and the defendant

appeals from both the order denying a new trial and from the judgment.

In order to enable us to decide whether a new trial was properly refused, an examination of the evidence given on the trial becomes indispensable.

The position of the appellant is, that there was no evidence of a contract between the plaintiff and the defendant, that the former might sow forty acres of the farm with wheat in the fall of 1866, or if there is any evidence of such an agreement, it is so slight and the weight of evidence against it is so preponderating, that the verdict finding such a contract cannot and ought not to be maintained.

The plaintiff is the only witness in the case who testifies to such an agreement, or to any fact from which such an agreement could reasonably be inferred. He says that in July, 1866, the defendant came on to the farm and wanted to know what fields the plaintiff intended to sow to wheat; he told him the clover lot and the north field, then sown with oats, and the barley lot, on which barley was then growing Defendant replied that he did not think it good policy to sow wheat after oats. He further testified that he took the seed-wheat that he sowed in the fall of 1866 from the wheat raised on the farm that season, before it was divided, and that he subsequently informed a Mr. Sherman, who was acting as agent for the defendant, that he had taken some of the wheat for seed, and no objection was made to it. This was after the wheat was sown, and after the wheat was threshed and sold.

There is no proof of the authority of Sherman, except that he acted for defendant in receiving the avails of the crops.

The plaintiff further testified that in the winter of 1866 and 1867, or spring of 1867, Sherman talked with him about buying his share of the wheat, and in the spring it was offered for sale at auction. Sherman said he was authorized to bid a certain sum upon it, and requested a suspension of the sale until he could ascertain how much to bid, and the sale was suspended accordingly, and he thereafter bid upon it.

The defendant denies that he ever had any conversation

Clarke v. Rannie.

with plaintiff as to the fields he proposed to sow to wheat in the fall of 1866, and that he did not know of plaintiff's intention to sow any part of the land with wheat. It is also proved that the plaintiff said, when asked where he got permission to sow wheat that fall, that he got it from the lease.

Sherman says he has no recollection that plaintiff ever told him, and exhibited to him a memorandum showing that he had used part of the joint wheat to sow on the farm. If he did, it was after the sowing was done. Sherman did not know, nor did he learn from plaintiff, that he intended to sow wheat on the premises, until after the wheat was sowed, and then he ascertained by going on to the farm and seeing where it was sowed. He further testifies that he had no authority from defendant to bid at the auction for him, and he denies that he did bid for him.

There is not in the case a particle of evidence that Sherman or any other person was authorized to extend the term of plaintiff under the lease, or to let it to plaintiff or to any other person. The plaintiff is contradicted as to several material matters testified to by him.

Laying out of view the evidence relating to dealings with Sherman as unauthorized, so far as they have any tendency to extend the plaintiff's term or create a new one, the evidence on the part of plaintiff of authority of defendant to him to sow the wheat is his own, and is that the defendant, in the fall of 1866, asked him what fields he intended to sow with wheat, and he told him.

It cannot be that this evidence, standing uncontradicted, is enough to sustain the verdict, but as that statement is directly contradicted, as is every other tending to corroborate it, the verdict cannot be sustained. It is against the evidence, and must be set aside.

The plaintiff, entitled to recover, was entitled to recover one-half of the straw.

The judgment and order must be reversed, and a new trial ordered; costs to abide the event.

Judgment reversed.